

# In the United States Court of Federal Claims

No. 14-536C
(Filed: August 5, 2014)
UNREPORTED

FILED

AUG - 5 2014

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| WILLIAM R. MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Pro Se; Motion for reconsideration** |
| v. ) | **denied** |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION

Pending before the court is pro se plaintiff William R. Murphy's ("Mr. Murphy" or "plaintiff") July 21, 2014 letter requesting reconsideration of the court's prior order of July 16, 2014. In its prior order, the court concluded that it lacked jurisdiction to consider Mr. Murphy's request for a declaration that he should receive a tax-exempt "line of duty" pension from the Office of Personnel Management ("OPM"), which the court understands is responsible for administering Mr. Murphy's federal pension.[1]

To prevail on a motion for reconsideration under Rule 59(a) of the Rules of the United States Court of Federal Claims ("RCFC"), a movant must identify "a manifest error of law, or mistake of fact." Shapiro v. Sec'y of Health & Human Servs., 105 Fed. Cl. 353, 361 (Fed. Cl. 2012), aff'd, 503 F. App'x 952 (Fed. Cir. 2013). Specifically, the party seeking reconsideration must show "(i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to prevent manifest injustice." Petro-Hunt, L.L.C. v. United States, 105 Fed. Cl. 132, 133 (2012).

---

[1] The court also denied plaintiff's request to proceed in forma pauperis ("IFP") on the grounds that he receives three pensions totaling more than $60,713 in annual income. Plaintiffs request for reconsideration as to his IFP status is denied. However, the court is waiving the filing fee in connection with his recently filed request for reconsideration.

Plaintiff has not established a proper basis for reconsideration. In its prior order, the court considered whether Mr. Murphy had stated a tax refund claim because his complaint raised concerns over the tax-implications and label that OPM had assigned to his federal annuity. In his request for reconsideration, Mr. Murphy clarifies that he is not raising a claim against the Internal Revenue Service ("IRS"). Rather, Mr. Murphy is seeking a court order declaring that he should be receiving a tax-exempt "line of duty" pension, rather than as an "ordinary" pension that would be subject to additional taxes.

As explained in the court's prior order, this court lacks jurisdiction (i.e., authority) to award declaratory relief in the absence of a claim for money damages against the federal government. See Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716-17 (Fed. Cir. 1998)(per curiam). Plaintiff's claim against OPM is not a claim for money damages. Plaintiff's request for reconsideration does not, therefore, present the court with any basis for deviating from its prior decision. Thus, Mr. Murphy's request for reconsideration must be **DENIED**.[2]

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[2] Based on a letter from OPM that Mr. Murphy attached to his request for reconsideration, it appears that OPM denied Mr. Murphy's earlier request to re-categorize the distribution code of his federal retirement pension. On July 30, 2010, the IRS had issued plaintiff a letter stating that plaintiff was entitled to a tax adjustment in 2007 because he was receiving a "line of duty disability" that was tax exempt under I.R.C. § 104. Mr. Murphy provided that letter to OPM in an effort to change the distribution code on his annuity. OPM later denied Mr. Murphy's request on the ground that "[t]he decision from the IRS . . . pertained to 2007." OPM stated that it "cannot change the distribution code on [Mr. Murphy's] disability retirement. It will remain 'UNKNOWN'."

Although the court is without authority to grant plaintiff's request, the court notes that OPM has issued a public document, which is attached to this order, which addresses the tax treatment of certain annuities. This document includes instructions for annuitants who, like Mr. Murphy, may be concerned that their "1099R Taxable amount is listed as 'Unknown.'" Because OPM does not provide tax advice, the document also encourages annuitants to call the IRS at 1-800-829-1040 to resolve their tax questions.